**IN RE K.B., JUVENILE**

[577 A.2d 277]

No. 88-398

April 27, 1990. The juvenile's mother argues that the juvenile court lacked the authority to hold an eighteen-month disposition review hearing ten months after the filing of the original disposition order. Soon after the original disposition order, both the State and the juvenile moved to modify the disposition and thereby terminate parental rights. The hearings for both the dispositional review and the modification motions were scheduled for January 28, 1988. By the time of the continued hearings of March 17 and 21, 1988, all parties to the action had been informed for almost one year that the court would consider the termination of residual parental rights. At the continued hearings, the mother had the opportunity to present evidence, cross-examine witnesses and to make arguments to the court. In short, the mother participated vigorously, and opposed the termination of her parental rights. Therefore, we find no error in the procedure that the court used to arrive at its termination order. See *In re H.A.*, 153 Vt. 504, 509, 572 A.2d 884, 887 (1990); *In re J.R.*, 153 Vt. 85, 98, 570 A.2d 154, 160–61 (1989).

The findings which formed the basis for the original determination that a child was in need of care and supervision must be proven only at the original merits hearing, and are not required in a disposition or modification hearing to terminate parental rights. *In re C.L.*, 151 Vt. 480, 489, 563 A.2d 241, 247 (1989).

The juvenile court must determine on the facts of each case whether the treatment of siblings is probative of neglect or abuse of a juvenile under the court's consideration. *In re D.P.*, 147 Vt. 26, 30, 510 A.2d 967, 970 (1986). Where there is evidence of abuse of the juvenile, evidence concerning the treatment of siblings is relevant and may be relied on by the court to support its conclusions with respect to the juvenile. See *In re R.M.*, 150 Vt. 59, 69, 549 A.2d 1050, 1056 (1988); *In re D.P.*, 147 Vt. at 31, 510 A.2d at 970. Here, the juvenile court properly admitted the decisions of the Connecticut court which terminated the mother's parental rights to K.B.'s four older siblings due in part

to her failure to protect two of the siblings from egregious sexual abuse by their father and the mother's refusal to obtain rehabilitation. The court heard testimony that indicated a serious impediment existed to the safe return of K.B. to his mother's care because of her continued denial of the siblings' sexual abuse and her failure to be able to recognize and therefore protect K.B. against sexual abuse. This evidence was relevant to the "totality of the home environment directly impacting on the well-being of [the juvenile]." *In re R.M.*, 150 Vt. at 69, 549 A.2d at 1056.

"The State's power to intervene to protect a child, and if necessary to terminate the parent-child relationship, does not deny the parent substantive due process." *In re R.B.*, 152 Vt. 415, 426, 566 A.2d 1310, 1316 (1989). The juvenile court appropriately considered the factors set forth in 33 V.S.A. § 667 and noted that the real test is to determine whether there is a reasonable possibility that the natural parent will be able to resume parental duties within a reasonable period of time. *In re J.J.*, 143 Vt. 1, 6, 458 A.2d 1129, 1131 (1983). In juvenile cases, findings of fact will stand if there exists any credible evidence to support them. *In re C.L.*, 151 Vt. at 484, 563 A.2d at 244. Examination of the record indicates that the findings are replete with facts sufficient to find that the mother would not be able to resume her parental duties within a reasonable time. These findings, in turn, support the court's conclusion that the mother's parental rights should be terminated.

*Affirmed.*

Motion for reargument denied May 24, 1990.